IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEAONE SHASHAWN BELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 16-cv-00175-SMY |
| ) | |
| KIMBERLY S. BUTLER, ) | |
| KENT E. BROOKMAN, and ) | |
| JASON N. HART, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Teaone Shashawn Bell is currently incarcerated at Pontiac Correctional Center ("Pontiac"). Proceeding *pro se*, Bell has filed a Complaint under 42 U.S.C. § 1983, alleging prison officials violated his due process rights by adjudicating him guilty of a prison violation and placing him in disciplinary segregation, demoting him to C-grade status and placing restrictions on his commissary privileges, all for six months, respectively (Doc. 1 at 5). He seeks monetary relief (*Id.* at 6).

This matter is now before the Court for a preliminary review of Bell's Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

**Complaint**

On December 2, 2014,[1] Kent Brookman and Jason Hart, members of the hearing committee, adjudged Bell guilty of sexual misconduct - specifically "fondling himself" (*Id.* at 5, 8). Bell claims the committee reached its decision "without any evidence being presented at the hearing, except [for] the observation of the reporting employee . . . ." (*Id.*). As punishment, Bell was placed in disciplinary segregation, demoted to C-grade status and received restrictions on his commissary privileges, all for six months, respectively (*Id.*). On December 11, 2015, Chief Administrative Officer Kimberly Butler approved Brookman and Hart's decision (*Id.*).

Bell complains that the area in which he was administratively segregated was "without adequate ventilation consistant [sic.] with the climate" (*Id.*). As a result of Defendants' actions, Bell alleges he has suffered mental anguish and pain and suffering, that he attempted to commit suicide and has lost a significant amount of weight due to noneating (*Id.* at 5-6.). He seeks compensatory and punitive damages (*Id.* at 6).

**Discussion**

Bell alleges that his disciplinary hearings violated his rights to due process. To satisfy due process, an inmate facing disciplinary charges must be given: (1) advance written notice of the charges against him; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence in his defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *Wolff v. McDonnell,* 418 U.S. 539, 563–69 (1974); *Cain v. Lane,* 857 F.2d 1139, 1145 (7th Cir. 1988). In addition, the

---

[1] The complaint states that the date was December 2, 2015. (*See* Doc. 1 at 5.) Judging by the rest of the complaint, including Bell's allegation that Kimberly Butler reviewed the hearing committee's decision on December 11, 2014, and the attached prison documents that state that the initial hearing occurred on December 2, 2014, the Court suspects that Hart and Brockman held their hearing on December 2, 2014, not 2015. (*See, e.g.*, *id.* at 8.)

decision of the adjustment committee must be supported by "some evidence." *Black v. Lane,* 22 F.3d 1395 (7th Cir. 1994). Bell does not allege that any of the above requirements were absent during his hearings. Instead he complains that the only evidence presented during the initial hearing was that of the reporting employee's observation. Therefore, Bell has not presented a viable due process claim as to either of his disciplinary hearings.

Bell also alleges that his administrative punishments violated his due process rights. Specifically, Bell alleges that he was placed on disciplinary segregation, demoted to C-grade status, and subjected to restricted commissary privileges for six months. Bell, however, has no protected liberty interest in remaining in general population. *See, e.g.*, *Thomas v. Ramos,* 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino,* 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Nor does he have a protected liberty interest in his grade status and commissary privileges. *See, e.g.*, *Thomas*, 130 F.3d at 762 n.8.

Bell may be able to state a claim for unconstitutional conditions of confinement based on placement in a small cell without proper ventilation for six months. *See Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2007) (holding that where Plaintiff had not adequately alleged the denial of due process in regard to his disciplinary proceedings, any claim regarding the conditions under which he was confined was best analyzed as a claim brought under the Eighth Amendment). Although the Eighth Amendment's proscription of cruel and unusual punishment "does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981), the conditions of confinement must be at least "humane," *Farmer v. Brennan,* 511 U.S. 825, 832

(1994). To establish a violation of his Eighth Amendment rights, a prisoner must show (1) a deprivation that is "objectively, sufficiently serious," such that he was denied "the minimal civilized measure of life's necessities," and (2) a "sufficiently culpable state of mind" on the part of the defendant official, such as deliberate indifference to inmate health or safety. *Id.* at 834 (internal quotation marks omitted); *see Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013).

However, in order for the Court to ascertain whether Bell can state a Eighth Amendment claim, he must submit an amended complaint providing additional information about the conditions under which he was held, including to whom (if anyone) he complained about these conditions.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file an amended complaint **on or before April 25, 2016.** Should Plaintiff fail to file his first amended complaint within the allotted time, dismissal will become with prejudice and a "strike" will be assessed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint." Plaintiff must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to

identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint. Finally, the amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted *in forma pauperis* status, however, is exempt from paying the additional $50.00 fee.

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 21, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**
