IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEAONE BELL, #B-59870, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00175-SMY |
| ) | |
| KIMBERLY BUTLER, ) | |
| KENT BROOKMAN, and ) | |
| JASON HART, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Teaone Bell, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Plaintiff's claims stem from a disciplinary action at Menard Correctional Center ("Menard") for which he lost a number of privileges. He asserts that the defendants violated his Due Process rights and his Eighth Amendment rights via deliberate indifference and unconstitutional conditions of confinement. In connection with these claims, Plaintiff sues Kimberly Butler (warden), Kent Brookman (hearing committee chairperson) and Jason Hart (hearing committee member). Plaintiff seeks monetary compensation.

This case is now before the Court for a preliminary review of Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff's First Amended Complaint is nearly identical to his original Complaint (Doc. 1). In short, Plaintiff claims that he was charged with sexual misconduct and that he appeared before a hearing committee review panel, denied the allegations and was found guilty solely based upon the incident report filed by two prison guards (Doc. 7 at 5). He alleges that the hearing committee was not impartial and thus his Due Process rights were violated (*Id.*). He further claims that Defendant Butler exacerbated this violation by signing off on the hearing committee's recommended discipline—six months of segregation, C-grade status and restricted commissary access (*Id.*).

The most notable addition to the Plaintiff's First Amended Complaint is the inclusion of additional facts regarding the conditions of his confinement in segregation (*Id.* at 6). Plaintiff alleges that his cell had improper climate control, that he was denied cleaning supplies, that he was forced to clean the cell by hand with a washcloth to maintain a semblance of sanitary conditions and that he developed an armpit boil due to the environment (*Id.*). However, Plaintiff does not allege that any of the named defendants caused or were aware of these conditions (*Id.*). Plaintiff maintains that he suffered physical harm of weight loss, and psychological harm, including suicidal ideation as a result of these conditions (*Id.*).

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following enumerated claims which track the designations the Plaintiff assigned in his First Amended Complaint (Doc. 7 at 5-6). The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:**  Fourteenth Amendment Due process violation for failing to afford the Plaintiff an adequate and fair opportunity to present evidence on his behalf to refute charges at a hearing committee hearing;

**Count 2:**  Eighth and Fourteenth Amendment deliberate indifference claim against Butler for approving the hearing committee's decision regarding discipline for the Plaintiff; and,

**Count 3:**  Eighth Amendment unconstitutional conditions of confinement claim for subjecting Plaintiff to 120 days of disciplinary segregation in a cell without proper sanitation and ill-equipped for winter and summer weather conditions.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause

of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations in the First Amended Complaint, the Court finds that Plaintiff's claims are subject to dismissal under § 1915A.

### Count 1

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Williams v. Ramos,* 71 F.3d 1246, 1248 (7th Cir. 1995). The Due Process Clause does not mandate procedural safeguards unless there is a constitutionally protected liberty interest. *See Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Punishments that are "atypical and [impose] a significant hardship on the inmate in relation to the ordinary incidents of prison life" may implicate a liberty interest." *See Wilkinson v. Austin,* 545 U.S. 209, 223 (2005) (considering conditions which included 24-hour exposure to artificial light, indoor exercise for 1 hour per day; and severe limitations on almost all human contact including verbal contact); *Sandin v. Connor*, 515 U.S. 472, 483-84. The Seventh Circuit has held that disciplinary segregation does not rise to such a level to automatically implicate a liberty interest. *Williams*, 71 F.3d at 1248-50. Instead, the Seventh Circuit has held that disciplinary segregation may only give rise to a liberty interest if the conditions are "atypical and significant." *Id.* at 1249.

In *Williams*, the Court found that being confined for nineteen days, twenty-four hours a day, in a closed-front cell, with no access to the general population activities and little access to other inmates or staff, did not constitute an extreme variation from the typical challenges of

prison life. *Id.* By contrast, the Seventh Circuit has found that six months of disciplinary segregation approaches a cusp where it may be necessary to create a factual record of the actual conditions of said confinement to determine whether procedural due process rights are implicated. *See Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (finding that six months of segregation and C-grade demotion did not in and of itself implicate due process, but that Illinois prison regulations require prisons to at least afford minimal due process in conducting a disciplinary hearing, and thus determining that the adequacy of said hearing could implicate due process). Finally, in *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009), The Seventh Circuit held that when disciplinary segregation runs upward of 240 days or a year, a court should, at minimum, look into the actual conditions of said confinement or should perhaps even assume that segregation of that duration does establish the existence of an "atypical" condition, thus invoking due process rights.

Here, Plaintiff has failed to state sufficient facts about his six month disciplinary segregation to invoke procedural due process rights. As the The Seventh Circuit has explicitly held, six months of disciplinary segregation and six months of C-grade status do not, in and of themselves, constitute "atypical" conditions. *See Whitford,* 63 F.3d at 533. Even assuming that procedural due process rights were invoked by six months of segregation and six months of C-grade, Plaintiff has failed to present facts that warrant a finding that the actual conditions of his confinement were "atypical" or unduly arduous.

Although Plaintiff was in a small cell for a six months and alleges that he was forced to clean it with a wash cloth as opposed to proper cleaning supplies, these do not necessarily constitute excessive hardships. He also alleges that the climate control was less than ideal, but he does not claim that it caused serious enduring health problems or anything of that nature.

Furthermore, unlike some individuals relegated to solitary disciplinary cells, Plaintiff had the company of a cell mate, so he was not totally deprived of sensory stimuli like the situation presented in *Wilkinson. See Wilkinson*, 545 U.S. 223-225. Thus, based on the facts presented, Plaintiff's placement in disciplinary segregation and the conditions of his confinement did not invoke procedural due process rights.

Additionally, even assuming *arguendo* that due process was invoked and that the conditions were potentially arduous, Plaintiff has not stated any facts to show that he suffered an actual due process violation. His First Amended Complaint contains the same essential factual allegations as his original Complaint. This Court previously found those factual allegations insufficient to support a claim for a due process violation. (*See* Doc. 6). The only relevant facts Plaintiff added to his First Amended Complaint are that he spoke at the disciplinary hearing, but that the hearing committee gave greater credit to the disciplinary report than to his verbal assertions. These facts do not reveal a due process violation. In fact, these facts suggest that Plaintiff was given the chance to contest the disciplinary action being taken against him, belying the notion of a due process violation. Accordingly, Count 1 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 2

In Count 2, Plaintiff argues that Defendant Butler violated his rights by signing off on the disciplinary committee's penalties for his alleged behavior—segregation, C-grade status and restricted commissary privileges. Plaintiff does not present a particular legal theory aside from due process in relation to these factual assertions. He has not alleged facts that correspond to a potentially meritorious claim. In sum, his First Amended Complaint does not include any substantive factual allegations that add to or alter the facts presented in his original Complaint.

Thus, Plaintiff's factual allegations remain insufficient to state a claim upon which relief may be granted (*See* Doc. 6) and Count 2 will me dismissed. This dismissal is without prejudice.

### **Count 3**

The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, so sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,' " and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Seventh Circuit has identified several situations that meet this demanding test including lack of heat, clothing, or sanitation. *Gillis v. Litscher*, 468 F.3d 488, 493-94 (7th Cir. 2006). In addition, "[s]ome conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Id.* at 493. An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem. *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

In order to establish a viable conditions-of-confinement claim, a plaintiff must establish a number of things, including: conditions that are offensive; that he suffered physical or psychological harm as a result of those conditions; and, that the defendant was deliberately indifferent to the conditions and associated suffering. *See Gray v. Hardy*, 2016 WL 3457647 (7th Cir. June 24, 2016). The Seventh Circuit recently determined that summary judgment in favor of defendants was not proper in light of allegations of pest infestation and inadequate cleaning supplies. *See id.* In so finding, the court noted that, though a number of the plaintiff's allegations were not stand alone Eighth Amendment violations, taken together, the conditions were factually sufficient to proceed beyond summary judgment. *See id.*

Here, although the conditions alleged by Plaintiff may not individually constitute unconstitutional conditions of confinement, taken together, the conditions would sufficient to support a claim for unconstitutional conditions at this juncture. Plaintiff has added more relevant and detailed factual allegations in his First Amended Complaint by stating that he was forced to clean his cell with a wash cloth, that cleaning supplies were denied and that he developed a boil under his arm as a result of conditions and limited access to showers.

However, this claim cannot be allowed to proceed because Plaintiff has made no showing that any of the three named defendants were actually aware of the conditions Plaintiff was exposed to or that they were aware of the physical and psychological implications of those conditions. Absent facts alleging personal knowledge or involvement, this claim must be dismissed. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation").

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint (Doc. 7) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. Because Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, this Court will now assess a <u>strike</u> for the dismissal of the Amended Complaint, pursuant to § 1915A(b)(1). *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (noting that a "dismissal is a dismissal, and provided that it is on one of the grounds specified in [§] 1915(g) it counts as a strike, . . ., whether or not it's with prejudice.").

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. §

1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

### Notice

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal within 30 days from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424-25 (7th Cir. 2012) (explaining the good cause and excusable neglect standards).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion must be filed within twenty-eight (28) days of the entry of judgment, and the deadline cannot be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted)).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day

clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

Finally, if Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**